*United States v. Delahoz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

PRESENT:
>    RICHARD C. WESLEY,
>    SUSAN L. CARNEY,
>    MICHAEL H. PARK,
>    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>    *Appellee,*

>    v.                                         No. 25-188

OSVALDO DELAHOZ,

>    *Defendant-Appellant.*

---

| | |
|---|---|
| **For Appellee:** | JOSEPH H. ROSENBERG (Lauren E. Phillips, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |
| **For Defendant-Appellant:** | JONATHAN ROSENBERG, Rosenberg Law Firm, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J., sitting by designation*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 18, 2024 judgment of the district court is **AFFIRMED**.

In 2018, Defendant-Appellant Osvaldo Delahoz was sentenced to time served plus five days' imprisonment and five years' supervised release after pleading guilty to robbery, firearm, assault, and drug-related charges. Two years into his supervised release term, Delahoz violated the terms of his supervised release. After Delahoz admitted to the violations in May 2021, the district court revoked his term of supervised release and imposed a 40-month term of reimprisonment to be followed by a second term of supervised release, again for five years.

In October 2023, just months after Delahoz began his second term of supervision, he violated its conditions—this time by engaging in drug dealing, leading police on a car chase in Manhattan, striking multiple vehicles along the way, and fabricating a story about his whereabouts and the source of the cash found on him when he was arrested at the end of the chase. He ultimately admitted

to aggravated unlicensed operation of a motor vehicle, leaving the scene of an accident, obstruction of justice, and lying to his probation officer. In December 2024, the district court revoked Delahoz's second term of supervised release and imposed a new five-year term of imprisonment.

On appeal from that judgment, Delahoz argues that his revocation sentence was tainted by several procedural and substantive errors. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    The district court did not impermissibly rely on retributive factors.

Delahoz contends that the district court erred by relying on retributive considerations with respect to his underlying offense conduct when revoking his term of supervised release and imposing a five-year revocation sentence.

The factors a district court must consider at revocation following a violation of supervised release are enumerated by statute. *See* 18 U.S.C. § 3583(e)(3). That list includes many of the same factors courts must consider when initially imposing a sentence following a criminal conviction—for example, deterrence, incapacitation, and rehabilitation. *See id.* § 3553(a)(2)(B)–(D). But the list does not include the retributive factors set forth in Section 3553(a)(2)(A). In *Esteras v. United States*, the Supreme Court held that the omission of Section 3553(a)(2)(A) makes retribution for the underlying offense conduct an impermissible consideration in imposing a revocation sentence. 606 U.S. 185, 197 (2025). The district court violated that constraint, Delahoz says, by considering his underlying offense conduct in a retributive light when imposing the new five-year term of imprisonment.

Because Delahoz did not raise this objection at sentencing, we review only for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). The Supreme Court has instructed that, for an *Esteras* error to be plain, it must be "'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)." *Esteras*, 606 U.S. at 203 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Under that deferential standard, we cannot say that the district court erred: it did not clearly rely on retribution for the offense conduct in imposing the revocation sentence. At sentencing, the district court emphasized non-retributive rationales such as deterrence and incapacitation as the justifications for its revocation sentence. In explaining why a five-year term of reimprisonment was necessary, for example, the court stressed the demonstrated inadequacy of Delahoz's prior sentences at deterring him from engaging in criminal conduct. *See* D.Ct. Dkt. No. 126 at 33[1] (observing that Delahoz "seemed to be completely undeterred by [his] prior experience in jail or [his] prior experience with the Court" and that he was not fazed by the possibility of "hav[ing] to face the judge that had sentenced [him]"). It also explained that "the maximum sentence" was necessary to protect the public from Delahoz's dangerous conduct. *Id.* at 35; *see id.* ("I think it's imperative that you are off the street. You are out of control[.]"); *id.* (noting the "disregard for the life and safety of others" reflected in Delahoz's conduct).

---

[1] Our citations to the revocation hearing transcript are to the version of that transcript filed on the public docket in the district court, *see United States v. Delahoz*, No. 1:15-cv-871 (S.D.N.Y.), and not to the version included in the record on appeal, which is filed under seal.

In urging otherwise, Delahoz contends that when a court takes the perceived leniency of the original sentence into account in setting the revocation sentence, it is necessarily imposing additional punishment for the original offense, in violation of *Esteras*. And the district court's reference to "the break [Delahoz] got the first time," he insists, demonstrates that the court indeed took the leniency (in its view) of his original sentence into account. *Id.* at 34.

Regardless of whether the leniency of the original sentence remains a permissible consideration in light of *Esteras*, however, on plain-error review, it is not sufficiently clear from the record before us that the district court's comment reflected a justification for a steeper revocation sentence. The remark could reasonably be understood as merely expressing the court's view that Delahoz has been treated leniently even when considering his latest term of reimprisonment. *See id.* at 34–35 ("And given the break you got the first time, it seems to me that you are still coming out way ahead of where you should be, given your conduct.").

And the other comments by the district court that Delahoz says demonstrate a retributive rationale refer to the conduct constituting the violation of supervised release—not, as Delahoz contends, his underlying offense conduct. *See, e.g., id.* at 34 (referring to Delahoz's "returning to criminal conduct," "revert[ing] to drug trafficking," and "l[ying] about it repeatedly and manipulatively"). And Delahoz does not argue that district courts are forbidden by Section 3583(e)(3) from considering retributive factors with respect to violation conduct. Accordingly, we need not consider whether the district court relied on them here.

Thus, on plain error review, we conclude that it is neither "clear" nor "obvious" that the district court's revocation sentence rested on the impermissible

goal of exacting retribution for Delahoz's underlying offenses. *Esteras*, 606 U.S. at 203 (internal quotation marks omitted).

## II. The court did not materially rely on the unsolicited emails.

Delahoz submits that the district court procedurally erred by relying on certain unsworn emails without holding an evidentiary hearing about them. *See United States v. Fatico*, 579 F.2d 707, 711–14 (2d Cir. 1978). Because Delahoz did not raise this objection below, we again review only for plain error. Again, we find none.

The emails in question, which were sent to the district court by Delahoz's former partner and Delahoz's stepdaughter a few days before the revocation hearing, characterized him as an abusive and neglectful father. We see no indication in the revocation hearing transcript, however, that the district court relied on the emails in imposing the revocation sentence. Indeed, the court engaged in an extended, skeptical colloquy with the government about whether and how it could credit those emails, *see* D.Ct. Dkt. No. 126 at 8–10, and the emails went entirely unmentioned during the court's pronouncement of the sentence. True, the district court commented generally that it did not find credible Delahoz's account of personal growth. But Delahoz does not point to any record evidence indicating that the district court's assessment in this regard was informed by the emails specifically rather than, for instance, Delahoz's own conduct.

## III. The revocation sentence was not substantively unreasonable.

Finally, Delahoz presses the view that his five-year term of reimprisonment is substantively unreasonable. A sentence is substantively unreasonable if it is

6

"shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Given Delahoz's conduct, we cannot conclude that a five-year term of reimprisonment is "shockingly high." *Id.* As the district court observed, Delahoz's violation conduct—engaging in drug dealing and leading police on a dangerous car chase—jeopardized public safety. And Delahoz's repeated supervised-release violations evinced a need for greater deterrence than the earlier supervised release terms had apparently provided. In these circumstances, the above-Guidelines revocation sentence here does not rise to level of substantive unreasonableness.

Delahoz also argues that the district court gave no meaningful weight to any mitigating factors—namely, his "deeply traumatic and abusive childhood" and "his documented participation in rehabilitative programming while incarcerated." Appellant's Br. at 26. But the district court did consider Delahoz's childhood circumstances. *See* D.Ct. Dkt. No. 126 at 10 (referencing Delahoz's "childhood trauma" as one of the few points in his favor), 41 (discussing "the trauma [Delahoz] received as child"). And Delahoz does not explain why, in his view, the court was required to place more significant weight than it did on his participation in a court-ordered rehabilitation program. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). Rather than failing to consider these factors, the court simply—and reasonably—concluded that they did not outweigh the others.

\*     \*     \*

7

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court